# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ARCHIE LEE FERGUSON, III,**

    Plaintiff,

v.                                                                                                                            Case No. 18-cv-345

**MATTHEW J. TORBENSON,
MARK SANDERS, and
STATE OF WISCONSIN,**

    Defendants.

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT

Archie Lee Ferguson, III, a prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, the court has jurisdiction to screen the complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On March 19, 2018, I ordered Ferguson to pay an initial partial filing fee of $17.27. He paid that fee on March 26, 2018. Accordingly, I will grant

Ferguson's motion. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Analysis*

Ferguson alleges that "they locked [him] up on hearsay and once [his] D.N.A. results came back it then proved [he] was innocent . . . ." Docket # 1 at 3. Ferguson asserts that, despite this, "the District Attorney and the Judge extended [his] case for another 90 days knowing that [he's] innocent." *Id.* Ferguson states, "This is a hearsay claim with no evidence to prove that [he is] guilty and the evidence reflects that [he is] innocent." *Id.* at 4.

I will dismiss Ferguson's case because he fails to state a claim upon which relief can be granted. Both Milwaukee County Circuit Court Judge Mark Sanders and Milwaukee County Deputy District Attorney Matthew Torbenson have absolute immunity from federal tort liability for acts they commit within the scope of their employment. *See Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014). DDA Torbenson's recommendation that Ferguson's case be continued for ninety days and Judge Sanders' order to continue the case for ninety days are well within the scope of their employment; thus, those actions cannot form the basis of a civil rights lawsuit. Ferguson is also barred from suing the State of Wisconsin because the States have absolute immunity from civil rights lawsuits under the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989).

**NOW THEREFORE**, Ferguson's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The clerk of court will document that Ferguson has incurred a "strike" under 28 U.S.C. § 1915(g) and will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency having custody of Ferguson shall collect from his institution trust account the $332.73 balance of the filing fee by collecting monthly payments from Ferguson's prison trust account in an amount equal to 20% of the preceding month's income credited to Ferguson's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Ferguson transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Ferguson's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where Ferguson is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure

60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 4th day of April, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge